IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 3:16-cr-00412-MO-1 |
| v. | |
| **TERRY RAY LINTOTT**, | OPINION AND ORDER |
| Defendant. | |

**MOSMAN, J.**,

This case comes before me on Defendant Terry Ray Lintott's Motion to Vacate or Correct Sentence under 28 U.S.C. § 2255 [ECF 47]. For the reasons stated below, Mr. Lintott's motion is DENIED.

## BACKGROUND

### I. Mr. Lintott's Present Sentence

On April 2, 2018, Mr. Lintott pleaded guilty to four counts of bank robbery, each in violation of 18 U.S.C. § 2113(a). J. & Commitment [ECF 41] at 1. For those offenses, I sentenced him to a one hundred and fifty-one (151) month term of imprisonment on each count, to be served concurrently. *Id.* at 2. This is the sentence that Mr. Lintott challenges in the present motion.

This is not Mr. Lintott's only conviction for bank robbery. He was first convicted of bank robbery in 1994, for which he was sentenced to 96 months' imprisonment. J & Commitment at 1-2, *United States v. Lintott*, 3:94-cr-00147-HZ-1 (D. Or. 1994) [ECF 17]. In 2002, while on

1  –  OPINION AND ORDER

supervised release for the first bank robbery, Mr. Lintott committed and pleaded guilty to another bank robbery. Pet. to Plead Guilty [ECF 16], *United States v. Lintott*, 3:02-cr-00074-MO (D. Or. 2002).

Because of these two prior convictions, and because bank robbery in violation of 18 U.S.C. § 2113(a) is a crime of violence as defined by U.S.S.G. § 4B1.2(a), the probation office designated Mr. Lintott as a career offender in computing the guideline range for his present sentence. Presentence Investigation Rep. [ECF 24] ("PSR") at 6 ¶ 32.

## II.     Mr. Lintott's Past Challenges to His Sentence

At sentencing, Mr. Lintott objected to a career offender designation on two grounds. First, he argued that because all of his bank robberies were committed only through the use of intimidation, they do not constitute crimes of violence. Def.'s Obj. to PSR [ECF 33] at 3-7. Second, he argued that he was unconstitutionally sentenced as a career offender in his 1994 bank robbery sentencing and, had he properly received an unenhanced sentence in 1994 instead, that conviction would be considered too old to qualify as a career offender predicate for Mr. Lintott's present sentence. *Id.* at 7-8. In other words, because he should not have been deemed a career offender in 1994 he cannot be deemed a career offender for his present sentence. In making this second argument, Mr. Lintott's counsel argued that the United States Supreme Court's decision in *Custis v. United States*, 511 U.S. 485 (1994) should not prevent Mr. Lintott from collaterally attacking his 1994 career offender designation. *Id*. At Mr. Lintott's sentencing hearing, I considered those arguments and rejected them. Tr. [ECF 44] at 6.

Mr. Lintott filed a direct appeal. Notice of Appeal [ECF 43]. His counsel on appeal filed a brief that challenged whether his prior bank robberies were crimes of violence, but his counsel, "[u]pon further research and reflection," chose not to pursue the objection to the 1994 career

offender designation. Appellant Br. at 8 n.3, *USA v. Lintott*, 18-30079 (9th Cir. 2018) ("Appeal Br.") [ECF 5]. The Ninth Circuit affirmed. Order [ECF 45] at 1 (citing *United States v. Watson*, 881 F.3d 782, 786 (2018)).

### III. Mr. Lintott's § 2255 Motion

On December 9, 2019, Mr. Lintott filed the present § 2255 motion in *pro se* capacity. Mot. [47]. He asks that this court to "[r]emove [the] sentencing enhancement for career offender" and asserts two grounds for such relief. *Id.* at 3, 4, 8.[1] First, he claims that he received ineffective assistance of counsel on appeal because his counsel "opted not to address" the issue of his 1994 career offender designation. *Id.* at 3. Second, he claims ineffective assistance of counsel on the grounds that his counsel "failed to argue sentencing factors were not met in satisfactory manner and Bureau of Prisons [("BOP")] did not meet mandate of code." *Id.* at 4. As to this latter claim, Mr. Lintott seeks to clarify in his reply brief that his counsel failed to argue that the BOP "was negligent in meeting minimum requirements set forth by 18 U.S.C. § 3553." Def.'s Reply [ECF 53] at 1. He then lists various alleged failures of the BOP, presumably during his previous period of incarceration. *Id.* at 1-2. These alleged failures include failing to meet Mr. Lintott's medical and psychological needs, failing to provide educational opportunities, and housing him in a segregation unit for a large portion of his sentence. *Id.* I understand Mr. Lintott to be arguing that the BOP's treatment of him constitute mitigating factors that his counsel failed to raise at sentencing and on appeal.

## LEGAL STANDARD

To prevail on an ineffective assistance of counsel claim, a defendant must satisfy a two-part test. *Premo v. Moore*, 562 U.S. 115, 121 (2011). He must show both that: (1) his counsel's

---

[1] When citing to Mr. Lintott's § 2255 motion, I cite to the ECF document page numbers.

representation "fell below an objective standard of reasonableness;" and (2) his counsel's errors prejudiced him, meaning that "but for [the] counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984). These two prongs are referred to as the "performance" prong and the "prejudice" prong. A defendant must satisfy both prongs. *Id.* at 697. This same test applies to claims of ineffective assistance of counsel on appeal. *Smith v. Robbins,* 528 U.S. 259, 285 (2000).

## DISCUSSION

### I. Mr. Lintott's Appellate Counsel's Decision Not to Attack His 1994 Career Offender Designation.

Mr. Lintott argues that his appellate counsel erred by not arguing on appeal that: (1) *Custis* did not apply to his case, and thus (2) I erred when I did not review his 1994 career offender designation. *See* Reply [53] at 1.

Mr. Lintott's appellate counsel did not ignore this argument: he described the argument as it was made at sentencing, and then noted that "[u]pon further research and reflection" he would not pursue the objection on appeal. Appeal Br. at 8 n.3.

The question is whether counsel's strategic decision not to pursue that argument "fell below an objective standard of reasonableness" (the performance prong) and, but for that decision, Mr. Lintott would have prevailed on his appeal (the prejudice prong). The answer is no: Because the legal argument at issue has little merit, the decision to abandon it was not unreasonable and did not prejudice Mr. Lintott.

While not futile or frivolous, the argument that Mr. Lintott was entitled to attack the validity of his 1994 career offender designation during the sentencing hearing for his present offense is a tough row to hoe. The Supreme Court held in *Custis* that a defendant has no constitutional right to collaterally attack a prior state *conviction* used to enhance a sentence

during a federal sentencing proceeding. 511 U.S. 485, 494-96 (1994). The Ninth Circuit, as have most other Courts of Appeals, extended *Custis* to prevent a defendant from collaterally attacking a prior state *sentence* in the same way. *United States v. Saya*, 247 F.3d 929, 940 (9th Cir. 2001); *see also United States v. Napolitan*, 830 F.3d 161, 167 (3d Cir. 2016) (describing the positions of other Courts of Appeals on the same issue). Mr. Lintott's argument can only be that prior *federal*—as opposed to state—sentences should be open to collateral attack during a sentencing proceeding. I have no authority before me that embraces such a distinction and I have doubts that any is forthcoming. *See also United States v. Warren*, 335 F.3d 76, 78 (2d Cir. 2003) (holding that "the validity of an underlying conviction *or sentence* . . . may be challenged only on direct appeal or through a habeas corpus proceeding") (emphasis added).

Thus, it is clear that appellate counsel's decision not to pursue this argument on appeal did not result in prejudice to Mr. Lintott. Nor was his considered decision not to pursue a long-shot argument an "unprofessional error" that violates the performance prong. *See Alexander v. Smith*, 311 F. App'x 875, 887 (6th Cir. 2009) ("Failure of . . . appellate counsel to present a novel legal argument when the caselaw is ambiguous does not constitute ineffective assistance."); *cf. Strickland*, 466 U.S. at 690 ("[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.").

II. **BOP's Alleged Failures as Mitigating Evidence.**

As described above, it appears that Mr. Lintott's second overall argument for ineffective assistance of counsel is the failure of his attorneys to argue that certain alleged failures of the BOP during Mr. Lintott's previous terms of incarceration constitute important mitigating evidence. *See* Reply [53] at 1-2. Mr. Lintott does not describe what effect he thinks this

argument would have had—whether it would have affected his career offender designation, whether it would have resulted in a further downward variance, or something else.

In any event, Mr. Lintott's argument is unpersuasive. At sentencing, Mr. Lintott's counsel compiled a thorough memorandum describing Mr. Lintott's tumultuous life, including details of his extensive periods of incarceration. Def.'s Sentencing Mem. [ECF 34] at 4-10. I took these mitigating factors into account when arriving at Mr. Lintott's sentence. Tr. [44] at 14-18. I therefore conclude that his attorney, whether at sentencing or on appeal, did not err by choosing not to discuss additional evidence related to the BOP's actions, nor did any absence of such evidence result in prejudice to Mr. Lintott.

## CONCLUSION

For the foregoing reason, Mr. Lintott's Motion to Vacate or Correct Sentence under 28 U.S.C. § 2255 [47] is DENIED.

IT IS SO ORDERED.

DATED this  13  day of April, 2020.

*Michael W. Mosman*
MICHAEL W. MOSMAN
United States District Judge